# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 37837

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 371** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: February 27, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MARK SHANE WILBANKS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Judgment of conviction and concurrent unified sentences of thirty years with seven years determinate for domestic violence; 159 days in the county jail with credit for time served for domestic assault; and thirty years with three years determinate for witness intimidation, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Mark Shane Wilbanks was convicted of domestic violence with traumatic injury, Idaho Code §§ 18-903, 18-918(2); domestic assault, I.C. § 18-918; witness intimidation, I.C. § 18-2604; and being a persistent violator, I.C. § 19-2514. The district court sentenced Wilbanks to concurrent unified sentences of seven years with three years determinate for domestic violence, 159 days in the county jail with credit for time served for domestic assault, three years with two years determinate for witness intimidation, and thirty years with seven years determinate as a persistent violator enhancement. Wilbanks filed a timely notice of appeal and an Idaho Criminal

1

Rule 35 motion for reduction of his sentence, which the district court denied. Wilbanks thereafter filed a second Rule 35 motion alleging his sentence was illegal because the district court imposed a separate sentence for the persistent violator enhancement. The district court granted the second Rule 35 motion and entered an amended judgment imposing a unified thirty-year sentence with seven years determinate for domestic violence and a thirty-year sentence with three years determinate for witness intimidation.

Wilbanks first asserts that the district court erred by imposing a separate sentence for the persistent violator enhancement. This issue on appeal has been rendered moot, however, by the district court's entry of an amended judgment correcting this error in response to Wilbanks' second Rule 35 motion.

Wilbanks also asserts that his sentences are excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Wilbanks' judgment of conviction and sentences are affirmed.