## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 38961

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 347A2 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 8, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JORGE ALEXANDER BAIRD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT BE |
| Defendant-Appellant. | ) | CITED AS AUTHORITY |
| | ) | |
| | ) | SECOND AMENDED OPINION |
| | ) | THE COURT'S PRIOR |
| | ) | OPINIONS DATED |
| | ) | FEBRUARY 3 AND 27, 2012, IS |
| | ) | HEREBY AMENDED |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Judgment of conviction and aggregate sentences of a unified term thirty-seven years, with a minimum period of confinement of seventeen years, for seven felonies, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

PER CURIAM

Jorge Alexander Baird pled guilty to voluntary manslaughter, I.C. § 18-4006(1); felony eluding a peace officer, I.C. § 49-1404(2)(a)(c); possession of a controlled substance with intent to deliver, I.C. § 37-2732(a); unlawful possession of a firearm, I.C. § 18-3316; grand theft, I.C. §§ 18-2403(1) and 18-2407(1)(b)(1), or alternatively grand theft by possession of stolen property

1

I.C. §§ 18-22403 and 18-2407(1)(b)(1); burglary, I.C. § 18-1401; and concealment of evidence, I.C. § 18-2603. In exchange for his guilty pleas, eight additional charges were dismissed. The district court sentenced Baird to a unified term of fifteen years, with a minimum period of confinement of ten years, for voluntary manslaughter; a determinate term of two years for felony eluding a police officer; a unified term of seven years, with a minimum period of confinement of two years, for possession of a controlled substance with the intent to deliver; a unified term of four years, with a minimum period of confinement of two years, for unlawful possession of a firearm; an indeterminate term of five years for grand theft; an indeterminate term of two years for burglary; and a unified term of two years, with a minimum period of confinement of one year, for concealment of evidence. The district court ordered that Baird's sentences all be served consecutively, thus making his aggregate sentence a unified term of thirty-seven years, with a minimum period of confinement of seventeen years. Baird appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Baird's judgment of conviction and sentences are affirmed.