**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 38937/38938**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 428** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: March 30, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MICHAEL EDWARD AUSTIN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgment of conviction and two consecutive unified sentences of ten years, with minimum periods of confinement of five years, for felony burglary and felony arson in the third degree, affirmed; judgment of conviction and consecutive indeterminate sentence of five years, for felony escape, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

In docket number 38937, Michael Edward Austin pled guilty to felony burglary and felony arson in the third degree. Idaho Code §§ 18-1401, 18-804. The district court sentenced Austin to unified terms of ten years, with minimum periods of confinement of five years, for each count. The sentences were imposed to run consecutive to each other, consecutive to his sentence in a prior case, and consecutive to the sentence in docket number 38938. In docket number 38938, Austin pled guilty to felony escape. I.C. § 18-2505. The district court sentenced Austin to an indeterminate term of five years, to run consecutive to his sentence in the prior case and consecutive to docket number 38937. In both cases, Austin filed an Idaho Criminal Rule 35

1

motion, which the district court denied. Austin now appeals both cases, contending the consecutive nature of the sentences is excessive. The two cases have been consolidated on appeal.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Austin's judgments of conviction and sentences are affirmed.