**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 39377**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 332 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 17, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| REYNALDO MEDINA, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Judgment of conviction and unified sentence of twenty years, with eight years determinate, for lewd conduct with a minor child under sixteen, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Pursuant to a plea agreement, Reynaldo Medina, Jr. pled guilty to lewd conduct with a minor child under sixteen. Idaho Code § 18-1508. The district court sentenced Medina to a unified term of twenty years, with eight years determinate, to run concurrently with any other sentence Medina was then serving. Medina appeals, contending his sentence is excessive.[1]

_____

[1] At the sentencing hearing, in accord with the plea agreement, Medina's counsel argued for a determinate term of eight years, stating that "a minimum of eight years concurrent with [Medina's] federal charge is appropriate" and "an eight-year fixed . . . is appropriate in this particular case." To the extent Medina argues the determinate portion of his sentence is an abuse of discretion, the doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *Thomson v. Olsen*, 147 Idaho 99,

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say the district court abused its discretion with regard to the indeterminate portion of Medina's sentence. Despite any invited error, Medina has also failed to demonstrate the district court abused its discretion with regard to the determinate portion of his sentence.

Therefore, Medina's judgment of conviction and sentence are affirmed.

---

106, 205 P.3d 1235, 1242 (2009); *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985).