**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40003/40004**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 403** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 15, 2013** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **LEVI WOOD MILLS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John P. Luster, District Judge.

Judgment of conviction and current, unified sentence of ten years, with two and one-half years determinate, for attempted strangulation, <u>affirmed</u>; judgment of conviction and concurrent, unified sentence of three years, with one year determinate, for intimidating a witness, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jordan E. Taylor, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

In docket number 40003, Levi Wood Mills pled guilty to attempted strangulation. Idaho Code § 18-923. In docket number 40004, Mills entered an *Alford*[1] plea to intimidating a witness. I.C. § 18-2604. The district court sentenced Mills to concurrent terms: a unified term of ten years, with two and one-half years determinate, for the attempted strangulation conviction and a unified term of three years, with one year determinate, for the intimidating a witness conviction.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

Mills appeals both cases, contending his sentences are excessive. The two cases have been consolidated on appeal.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Mill's judgments of conviction and sentences are affirmed.