**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40225**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 429** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: April 3, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ALDESHON SKYLER NAPPO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Peter D. McDermott, District Judge.

Judgment of conviction and unified sentence of fifteen years with five years determinate for aggravated driving while under the influence of alcohol, and concurrent unified sentence of ten years with five years determinate for felony injury to child, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

    Aldeshon Skyler Nappo was convicted of aggravated driving while under the influence of alcohol, Idaho Code §§ 18-8006, 18-8004(1)(a); and felony injury to a child, I.C. § 18-1501(1). The district court sentenced Nappo to a unified term of fifteen years with a minimum period of confinement of five years for the DUI, and a concurrent unified term of ten years with a minimum period of confinement of five years for injury to a child. Nappo appeals, contending that his sentences are excessive.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Nappo's judgment of conviction and sentences are affirmed.