**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40675/40676**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 752 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 14, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| PERCY GREENE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction and concurrent unified sentences of ten years, with a minimum period of confinement of four years, for possession of a controlled substance, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

PER CURIAM

In these consolidated appeals, Percy Greene pled guilty to two counts of possession of a controlled substance with the intent to deliver (one count in Docket No. 40675 and one count in Docket No. 40676). Idaho Code § 37-2732(a)(1)(A). The district court sentenced Greene to concurrent unified sentences of ten years with four years determinate and retained jurisdiction. Following the period of retained jurisdiction, the district court suspended Greene's sentences and placed him on supervised probation for five years. Greene appeals asserting that the district court abused its discretion by failing to initially place him on probation rather than retaining jurisdiction.

1

Mindful that he is now on probation, Greene asserts that the district court abused its discretion by failing to initially place him on probation. The State claims the issue Greene raises is moot because the district court already granted the relief to which he claims he was entitled. We agree. Although the district court retained jurisdiction when it imposed Greene's sentence, the district court subsequently granted his request to be placed on probation at the conclusion of the retained jurisdiction period. Even if this Court were to determine that the district court erred by not placing Greene on probation when it imposed sentence, that would have no effect upon the outcome of the case because the district court has already placed Greene on probation and given him the relief he requests. To the extent probation was not initially granted, the issue is moot.

In the conclusion to his brief, Greene also requests that this Court reduce his sentence as it deems appropriate. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Greene's judgment of conviction and sentence are affirmed.