IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40740

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 311 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 7, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROGER LEE GIBBS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Judgment of conviction and concurrent unified sentences of ten years, with a minimum period of confinement of two and one-half years, for two counts of possession of a forged check, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Roger Lee Gibbs entered *Alford*[1] pleas to two counts of possession of a forged check. Idaho Code § 18-3605. The district court sentenced Gibbs to concurrent unified terms of ten years with a minimum period of confinement of two and one-half years on each count. Gibbs appeals asserting that the district court abused its discretion by imposing excessive sentences.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Gibbs' judgment of conviction and sentences are affirmed.