**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41775**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 839 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 3, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOSE LUIS SOTO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Order of the district court imposing unified sentence of five years, with a minimum period of confinement of one year, for aggravated assault to run consecutive to a prior sentence, <u>affirmed</u>.

Silvey Law Office Ltd.; Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Jose Luis Soto entered an *Alford*[1] plea to aggravated assault. Idaho Code §§ 18-901(a)(b), 18-905(a), 18-204. The district court sentenced Soto to a unified sentence of five years with one year determinate and ordered that it run consecutively to his sentence in a prior case. Soto appeals asserting that the district court abused its discretion by ordering his sentence in this matter to run consecutive to, rather than concurrent with, a prior sentence in another case.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the order of the district court imposing sentence and directing Soto's sentence to run consecutive to a prior sentence is affirmed.