# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42207

| | |
|---|---|
| STATE OF IDAHO, | ) 2015 Unpublished Opinion No. 519 |
| | ) |
| Plaintiff-Respondent, | ) Filed:  June 17, 2015 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| TERRY ALAN ENSMINGER, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Thomas F. Neville, District Judge.

Judgment of conviction and unified sentence of five years with two and one-half years determinate for felony violation of no contact order, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Terry Alan Ensminger appeals from the district court's judgment of conviction for felony violation of a no contact order, Idaho Code § 18-920(3).  Ensminger argues that the no contact order entered in his judgment of conviction was invalid, and that the district court abused its discretion by imposing an excessive sentence.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Ensminger was convicted of felony violation of a no contact order and the district court imposed a unified sentence of five years with two and one-half years determinate.  The judgment of conviction included, as a part of the sentence, the following statement:  "The defendant shall have no contact, directly or indirectly, with the victim, [victim]."  The district court did not specify an expiration date or otherwise conform with all requirements of Idaho Criminal

1

Rule 46.2 in the judgment of conviction; but two days prior to the sentencing hearing, the court entered a fully conforming no contact order. Ensminger does not contest the validity of the conforming no contact order. Ensminger timely appeals.

## II.

## ANALYSIS

### A.    Validity of the No Contact Order

Ensminger argues that the district court erred by entering a no contact order within the judgment of conviction that does not comply with the requirements of I.C.R. 46.2, and that this lack of compliance renders the no contact order provision invalid. Specifically, Ensminger argues that "virtually none of the advisories that are mandated for a valid no contact order under I.C.R. 46.2 are found in the no contact order that was entered by the district court in the judgment of conviction." He then lists the deficiencies of the order contained in the judgment: (1) it was not entered on a separate form; (2) it lacked a distance restriction; and (3) it did not include a date of termination.

It is clear that the district court never intended for the statement in the judgment of conviction to establish a no contact order separate from the properly filed order signed two days prior to the sentencing hearing. The statement in the judgment of conviction was simply a notification by the district court to Ensminger that there was a new no contact order as part of the sentence being imposed. Furthermore, there was extensive discussion at the sentencing hearing regarding the duration and reasoning for the new order. The transcript of the sentencing hearing indicates that the district court intended the judgment of conviction to be used to notify Ensminger of the reasoning of the new no contact order, not to create another order. Although Ensminger refused to sign an acknowledgment of the order, the district court made it clear to him that the new order would expire five years from the date of the sentencing hearing, and the order the court signed two days prior to the sentencing hearing was the order the court intended to have effect.[1] The statement in the judgment of conviction did not establish a separate no contact order, but instead only made reference to the properly filed and uncontested order signed two days prior to the sentencing hearing.

---

[1]     Moreover, Ensminger has failed to demonstrate that the existence of the language in the judgment affected his substantial rights in light of the uncontested no contact order. I.C.R. 52. Given our conclusion, we need not address the State's claim that the statement in the judgment contained a clerical error which Ensminger failed to raise below and preserve for appeal.

2

**B.      Sentence**

Ensminger also argues that the district court abused its discretion by imposing an excessive sentence.  Ensminger states that the district court failed to consider his rehabilitative potential, his support from family and friends, a documented history of mental illness, and his expressed remorse for his criminal acts.  Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

**III.**

**CONCLUSION**

Ensminger failed to demonstrate either that the district court erred by referencing the no contact order in its judgment of conviction or that the district court abused its discretion in the imposition of its sentence.  Accordingly, Ensminger's judgment of conviction and sentence are affirmed.

Chief Judge MELANSON and Judge LANSING **CONCUR**.