IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42834

| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 566 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 27, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| THOMAS HENRY BUCK, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction and sentence of a unified term of five years with three years determinate for stalking in the first degree, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Thomas Henry Buck pled guilty to stalking in the first degree. Idaho Code § 18-7905. The district court sentenced Buck to a unified term of five years with three years determinate, to run consecutive to a separate sentence. Buck appeals contending that the district court abused its discretion by imposing an excessive sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. See State v. Hernandez, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); State v. Lopez, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); State v. Toohill, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing

1

the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Buck's judgment of conviction and sentence are affirmed.