**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43065**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 735 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 1, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LORI ANN GALVIN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Judgment of conviction and concurrent unified sentences of three years, with a minimum period of confinement of two years, for issuing a check without funds and five years, with a minimum period of confinement of two years, for criminal possession of a financial transaction card, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Lori Ann Galvin pled guilty to issuing a check without funds, I.C. § 18-3106(a), and criminal possession of a financial transaction card, I.C. § 18-3125. In exchange for her guilty plea, additional charges were dismissed. The district court sentenced Galvin to a unified term of three years, with a minimum period of confinement of two years, for issuing a check without funds and a concurrent unified term of five years, with a minimum period of confinement of two years, for criminal possession of a financial transaction card. Galvin appeals.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Galvin's judgment of conviction and sentences are affirmed.