822 P.2d 1011

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Wenceslao G. HERNANDEZ, aka Shorty, Defendant–Appellant.**

**No. 19098.**

Court of Appeals of Idaho.

Dec. 10, 1991.

---

Van G. Bishop, Nampa, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Kevin P. Cassidy, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is an appeal from a district court order denying a motion for reduction of sentences imposed on the defendant's convictions for delivery of controlled substances. We affirm.

Wenceslao Hernandez was charged with three counts of delivery of cocaine, I.C. § 37–2732(a)(1)(A). Pursuant to I.C.R. 11, he pled guilty to two counts and the state dismissed the third. Based upon this plea, the district court sentenced Hernandez on each count to ten years in the custody of the Idaho State Board of Correction, including mandatory terms of three years' incarceration, and imposed a $1,000 fine. The court ordered that the sentences be served concurrently. The judgment of conviction was filed May 22, 1990. Additionally, the court ordered Hernandez to pay $10,000 restitution to the Idaho Bureau of Narcotics, the City–County Narcotics Unit and the Ada County Sheriff's Office for investigative expenses incurred by those governmental agencies. The restitution order was filed May 25, 1990. Hernandez filed no direct appeal either from the judgment of conviction or from the restitution order.

On September 14, 1990, Hernandez filed a motion to reduce his sentences pursuant to Rule 35 of the Idaho Criminal Rules. Following a hearing on the motion, held December 7, 1990, the district court denied Hernandez' request. On January 15, 1991, Hernandez filed a notice of appeal from the denial of his Rule 35 motion.

Hernandez asserts on appeal that: (1) his plea of guilty was involuntarily given and therefore his conviction should be vacated; (2) the district court lacked statutory authority to order him to pay restitution to the government agencies; (3) the court abused its discretion in setting the restitu-

tion amount; and (4) the court abused its discretion in declining to reduce his sentences. We will discuss each of these issues in turn.

■ We first consider Hernandez' contention involving the voluntariness of his plea. Hernandez maintains that the record fails affirmatively to show that he understood the nature of the proceedings against him, and accordingly the plea cannot validly support his conviction. A defendant's claim that his plea of guilty was involuntarily given is an attack on the validity of the original conviction, and must be timely raised on a direct appeal from the judgment of conviction. *See* I.A.R. 14(a).[1]

This appeal, filed on January 15, 1991, was not timely with respect to the judgment of conviction entered May 22, 1990. *See* I.A.R. 14(a). Nor did Hernandez' filing of the motion under Rule 35 to modify his sentence preserve the right to appellate review of Hernandez' conviction, because that motion was filed more than fourteen days after the entry of the judgment. *State v. Hickman,* 119 Idaho 7, 802 P.2d 1219 (Ct.App.1990); *State v. Swan,* 113 Idaho 859, 748 P.2d 1389 (Ct.App.1989); *State v. James,* 112 Idaho 239, 731 P.2d 234 (Ct.App.1986). The requirement of perfecting an appeal within the applicable time period is jurisdictional. Appeals taken after the expiration of the filing period must be dismissed. *State v. James, supra.* Because this issue was never presented in a timely appeal, we lack appellate authority to consider it here.

■ Next, we turn to Hernandez' challenges to the order of restitution. Hernandez asserts that the district court was without authority to order restitution payable to entities which were not "victims" of his crimes. Hernandez correctly recognizes

---

1. Idaho Appellate Rule 14(a) provides, in relevant part,

Appeals From District Court. Any appeal as a matter of right from the district court may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of court on any judgment, order or decree of the district court appealable as a matter of right in any civil or criminal action.... The time for an appeal from any criminal judgment, order or sentence in an action is terminated by the filing of a motion within fourteen (14) days of the entry of the judgment which, if granted, could affect the judgment, order or sentence in the action, in which case the appeal period for the judgment and sentence commences to run upon the date of the clerk's filing stamp on the order deciding such motion.

that courts of criminal jurisdiction have no power or authority to direct reparations or restitution in the absence of a statutory provision allowing them to do so. *See State v. Aubert,* 119 Idaho 868, 869, 811 P.2d 44, 45 (Ct.App.1991). In reviewing Hernandez' protest, however, it becomes evident that he has confused the provisions of I.C. § 19–5304(1)—requiring that a court order a defendant to pay *victims* for any economic losses *directly resulting from the criminal conduct* for which the defendant is convicted—and the provisions of I.C. § 37–2732(k)—which authorizes the courts to *"order restitution for costs incurred by law enforcement agencies in investigation of the violation"* for which the defendant is convicted. Here, the district court expressly ordered restitution pursuant to the latter statute. Thus, contrary to Hernandez' claim, the district court had statutory authority, and hence jurisdiction, to order him to pay restitution to the law enforcement agencies.

■ Hernandez further asserts that the amount of restitution ordered was excessive, arguing that the district court erroneously determined the restitution amount without first ascertaining his ability to pay. He also challenges the propriety of including restitution as a term of his sentence, which arguably, if ultimately made a condition of his parole, would be unfair and unreasonable.

As noted above, Hernandez did not take a direct appeal from his conviction and sentence. Nor did he timely appeal from the separate order of restitution. *See Aubert, supra,* at 869, n. 3, 811 P.2d at 45, n. 3. Instead, the instant appeal was taken from the order denying Hernandez' Rule 35 motion for a sentence reduction. Accordingly, the issues on appeal are confined to that order. *State v. Dryden,* 105 Idaho 848, 852, 673 P.2d 809, 813 (Ct.App.1983).

The record of the lower court proceedings shows that the Rule 35 motion involved only the issue of the length of Hernandez' incarceration; no issue was raised with respect to the amount of restitution ordered, or the propriety of including restitution as a part of Hernandez' sentence. Because these issues were not raised below, we will not consider them on appeal.[2]

Finally, we address Hernandez' assertion that the district court erroneously denied his Rule 35 motion to modify his sentence. The state concedes, and we conclude, that this issue was timely raised.

■ A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the sentencing court. *State v. Forde,* 113 Idaho 21, 740 P.2d 63 (Ct.App. 1987). Such a motion is essentially a plea for leniency, which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The denial of a motion for reduction of sentence will not be disturbed absent a showing that the court abused its sentencing discretion. The criteria for examining rulings denying the leniency requested are the same as those applied in determining whether the original sentence was reasonable. *Lopez,* at 450, 680 P.2d at 872. A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). If the sentence is not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction. If he fails to make this showing, we cannot say that denial of the

---

**2.** We note another impediment to Hernandez' attempt to raise the restitution issue at this stage. The minute record of the district court at the time Hernandez' plea of guilty was accepted discloses that the prosecutor outlined the sentencing recommendations—including the restitution requirement—arrived at through plea negotiations. In response, defense counsel concurred with the prosecutor's representations concerning those negotiations. We have held that such a circumstance bars a defendant from seeking review of the terms of his sentence on appeal, under the doctrine of invited error. *See State v. Leyva,* 117 Idaho 462, 788 P.2d 863 (Ct.App.1990).

motion by the district court represents an abuse of discretion.

Hernandez does not claim that his sentence was unlawful. Rather, he argues that because continued incarceration would further none of the substantive sentencing goals, the district court abused its discretion by refusing to reduce his original sentence. In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). Thus, we will treat Hernandez' actual term of confinement as three years. When weighing the facts of a given case, we conduct an independent examination of the record. We focus upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

Hernandez has not provided us with a transcript of the sentencing hearing. However, the presentence investigation report, which was made a part of the appellate record, reveals the following. Hernandez was 38 years old at the time he committed the instant offenses. He had served for over a decade in the Mexican army and was honorably discharged in 1971, having achieved the rank of Sergeant Second. He has been in the United States for ten years and has no prior felony or misdemeanor record. Hernandez previously has been employed as a field worker and tree planter, and he assists in the financial support of his four minor children, three of whom reside with his mother in Mexico, and the fourth who lives with his sister in California.

Concerning the nature of the offense, we observe that the state initially charged Hernandez with three counts of delivery of a controlled substance, cocaine, based on three separate and substantial transactions. These transactions were accomplished on separate occasions, in different locations, and involved a total amount in excess of $8,000.

We observe that the court could have imposed a maximum penalty of life imprisonment. *See* I.C. § 37–2732(a)(1)(A). Upon the limited record before us, we cannot conclude that the three-year minimum period of confinement imposed by the trial court represented an abuse of discretion when the sentences were pronounced.

At the hearing on the Rule 35 motion, counsel for Hernandez presented additional evidence consisting of progress reports obtained from the Department of Corrections and a letter from Hernandez informing the court that he previously had served as a police officer in Mexico. The progress reports are quite favorable to Hernandez, indicating Hernandez to be a model inmate. Having considered this information, however, the district court nonetheless concluded that the sentence originally imposed was not excessive given Hernandez' involvement in the crimes. We agree.

Having reviewed the information presented both at the original sentencing and at the subsequent motion for reduction, we conclude that the district court did not abuse its discretion in denying Hernandez' Rule 35 motion. Accordingly, the order denying the motion for reduction of the sentences is affirmed.

SWANSTROM and SILAK, JJ., concur.