**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36634**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 445 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 3, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KATHERINE COLLEEN VANN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction and unified sentence of six years, with a minimum period of confinement of one year, for possession of cocaine, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge, GUTIERREZ, Judge
and GRATTON, Judge

_____

PER CURIAM

Katherine Colleen Vann was convicted of felony possession of cocaine, Idaho Code § 37-2732(c)(1); misdemeanor battery on a correctional officer, I.C. §§ 18-903, 18-915(1); misdemeanor driving under the influence of alcohol, I.C. § 18-8004; misdemeanor assault, I.C. §§ 18-901, 18-902; and misdemeanor battery, I.C. § 18-903. The district court imposed a unified sentence of six years, with a minimum period of confinement of one year, for possession of cocaine, and 120 days on each misdemeanor, with all sentences to run concurrently. After a period of retained jurisdiction, the district court suspended the sentences and placed Vann on probation. Vann appeals, contending that the underlying sentence for felony possession of cocaine is excessive and that the district court abused its discretion in failing to *sua sponte*

1

reduce the sentence pursuant to Idaho Criminal Rule 35 following completion of her rider. We affirm.

Where a sentence is within the statutory limits, it will not be disturbed on appeal absent an abuse of the sentencing court's discretion. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989). We will not conclude on review that the sentencing court abused its discretion unless the sentence is unreasonable under the facts of the case. *State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992). In evaluating the reasonableness of a sentence, we consider the nature of the offense and the character of the offender, applying our well-established standards of review. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Having reviewed the record, we conclude that the district court did not abuse its discretion in imposing Vann's sentence for possession of cocaine without modification. The judgment of conviction and sentence are affirmed.