**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 39141/39142**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 468 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 8, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JASON WADE GUDGELL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Judgments of conviction and sentences of a unified term of twenty years, with a minimum period of confinement of five years, for aggravated assault, enhanced by use of a deadly weapon; and a consecutive unified term of five years, with a minimum period of confinement of one year, for battery on a police officer, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

In docket number 39141, Jason Wade Gudgell pled guilty to aggravated assault, Idaho Code §§ 18-901(b), 18-905(a), enhanced by use of a deadly weapon during the commission of a crime, I.C. § 19-2520. The district court also found Gudgell to be a persistent violator and sentenced Gudgell to a unified term of twenty years, with five years determinate.[1] In docket

_____

[1] Gudgell also pled guilty to operating a vehicle without the owner's consent, I.C. § 49-227, and he received a concurrent sentence of 180 days jail. However, Gudgell does not appeal the 180 day sentence.

number 39142, Gudgell pled guilty to battery on a police officer, I.C. §§ 18-915(3), 18-903(b). The district court sentenced Gudgell to a unified term of five years, with one year determinate, to run consecutive to his sentence in docket number 39141. Gudgell appeals, contending his sentences, both individually and in the aggregate, are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Gudgell's judgments of conviction and sentences are affirmed.