IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38998

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 707 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 8, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DEAN DUANE STEVENS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Steven C. Verby, District Judge.

Judgment of conviction and determinate life sentence for rape, and consecutive unified sentence of twenty-five years, with a minimum period of confinement of fifteen years, for delivery of methamphetamine, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

---

PER CURIAM

Dean Duane Stevens entered *Alford*[1] pleas to rape (Idaho Code § 18-6101) and delivery of a controlled substance (Idaho Code § 37-2732(a)). The district court imposed consecutive sentences of determinate life and twenty-five years with fifteen years determinate, respectively. Stevens appeals asserting the district court abused its discretion by imposing excessive sentences.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Stevens' judgment of conviction and sentences are affirmed.