**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 39468/39582**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 736** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed:  November 27, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JEREMIAH OWEN BENNETT,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Lincoln County.  Hon. John K. Butler, District Judge.

Judgment of conviction and concurrent sentences of a unified term of twenty-five years, with twenty years determinate, for kidnapping in the second degree; a determinate term of ten years for burglary; and a unified term of life, with twenty years determinate, for robbery, <u>affirmed</u>; judgment of conviction and unified sentence of seven years, with two years determinate, for burglary, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

---

PER CURIAM

In docket number 39468, Jeremiah Owen Bennett pled guilty to kidnapping in the second degree, Idaho Code §§ 18-4501, 18-4503; burglary, I.C. § 18-1401; and robbery, I.C. § 18-6501. The district court imposed concurrent sentences:  a unified term of twenty-five years, with twenty years determinate, for the kidnapping conviction; a determinate term of ten years for the burglary conviction; and a unified term of life, with twenty years determinate, for the robbery conviction.  In docket number 39582, Bennett pled guilty to burglary.  I.C. § 18-1401.  The district court sentenced Bennett to a unified term of seven years, with two years determinate.

1

Bennett appeals from both cases contending his sentences are excessive. The two cases have been consolidated on appeal.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Bennett's judgments of conviction and sentences are affirmed.