**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40536/40537**

| | |
|---|---|
| **STATE OF IDAHO,** ) | 2013 Unpublished Opinion No. 619 |

STATE OF IDAHO,                                )        2013 Unpublished Opinion No. 619
                                               )
       Plaintiff-Respondent,                   )        Filed: August 7, 2013
                                               )
v.                                             )        Stephen W. Kenyon, Clerk
                                               )
LOYAL DEAN WILLIAMS,                           )        THIS IS AN UNPUBLISHED
                                               )        OPINION AND SHALL NOT
       Defendant-Appellant.                    )        BE CITED AS AUTHORITY
_____        )

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Judgments of conviction and concurrent unified sentences of five years, with a minimum period of confinement of two years, for grand theft and a unified sentence of seven years with three years determinate for possession of a controlled substance, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

        In these consolidated appeals, Loyal Dean Williams pled guilty to grand theft, Idaho Code §§ 18-2403(2)(b), 18-2407(1) in Docket No. 40536; and to possession of a controlled substance, I.C. § 37-2732(c)(1) in Docket No. 40537. The district court sentenced Williams to a unified term of five years, with a minimum period of confinement of two years on the grand theft charge and a concurrent unified sentence of seven years with three years determinate on the possession of a controlled substance charge. Williams appeals, asserting that the district court abused its discretion by imposing an excessive sentence without considering his "rehabilitative potential."

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Williams' judgments of conviction and sentences are affirmed.