**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42295**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 744** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  December 3, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **THOMAS T. MELVIN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County.  Hon. Michael J. Griffin, District Judge.

Judgment of conviction and sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Thomas T. Melvin appeals from his judgment of conviction for lewd conduct with a minor.  Specifically, Melvin argues that the State committed prosecutorial misconduct during closing argument and that the district court abused its discretion by imposing an excessive sentence.  For the reasons set forth below, we affirm.

**I.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In the early morning hours of July 18, 2013, Melvin entered the bedroom of his girlfriend's ten-year-old daughter, Z.G., waking her and instructing her to get a blanket.  Z.G. followed Melvin out of their house, across the street, and into a vacant home that was under construction.  Melvin laid out a tent on the floor and told Z.G. to lie down.  He removed both his and Z.G.'s clothes and placed himself on top of Z.G., touching his penis to her vagina.  This

1

contact lasted approximately one minute and Melvin ended the contact at Z.G.'s request. The record is unclear as to the timeline of events, but at some point after Melvin and Z.G. left their home, Melvin consumed a handful of pills from prescription bottles, and after the lewd conduct occurred, Melvin fell asleep. Z.G. stayed with Melvin in the vacant home for another three or four hours.

In the meantime, Z.G.'s mother discovered Z.G. and Melvin missing from the home and notified law enforcement who immediately began to search for the pair. Because Z.G. had been with Melvin for several hours that night, she became cold and left Melvin to return home. On her way home, she was approached by a police officer who was searching for her. After explaining what happened, Z.G. was taken to a nearby hospital for examination. When the police officer entered the vacant home, he observed Melvin wrapped in the tent, naked, and it appeared that Melvin was going in and out of consciousness. He was transported by ambulance to a hospital, and after the investigation Melvin was arrested and charged with lewd conduct with a minor. Following a jury trial, Melvin was convicted of the charge and was sentenced to a unified sentence of twelve years, with five years determinate. He was ordered to serve a period of retained jurisdiction. The court subsequently relinquished jurisdiction and Melvin was committed to the custody of the Idaho Department of Correction. Melvin appeals.

## II.

## ANALYSIS

### A. The State's Closing Argument Does Not Amount to Prosecutorial Misconduct Under the Fundamental Error Analysis

On appeal, Melvin argues that the State committed prosecutorial misconduct during its closing argument. While our system of criminal justice is adversarial in nature and the prosecutor is expected to be diligent and leave no stone unturned, he or she is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.*

Melvin made no contemporaneous objection to the prosecutor's closing argument at trial, and so we must examine this issue under the fundamental error doctrine. In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court clarified the fundamental error doctrine as it applies to allegations of prosecutorial misconduct. If the alleged misconduct was not followed by a contemporaneous objection, an appellate court should reverse when the

defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

While a prosecutor's role during trial is to vigorously present the government's case, "the desire for success should never induce a prosecutor to obtain a verdict by argument based upon anything except the evidence in the case and the conclusions legitimately deducible from the law applicable to the same." *State v. Troutman*, 148 Idaho 904, 908, 231 P.3d 549, 553 (Ct. App. 2010). The role of a closing argument is to "enlighten the jury and to help the jurors remember and interpret the evidence." *State v. Iverson*, 155 Idaho 766, 771, 316 P.3d 682, 687 (Ct. App. 2014). A prosecutor is granted considerable latitude during closing arguments and has the right to discuss inferences arising from the evidence, but the prosecutor may not misrepresent or mischaracterize the evidence. *State v. Johnson*, 149 Idaho 259, 266-67, 233 P.3d 190, 197-98 (Ct. App. 2010).

Melvin argues that the State's closing argument violated his constitutional right to a fair trial because the prosecutor misrepresented or mischaracterized the evidence when it argued that Melvin "took," "led," or "grabbed" Z.G. from her bedroom. Melvin asserts that Z.G.'s testimony was that she followed Melvin out of the house without being led, taken, or grabbed, and the State should not have emphasized this language in its attempt to prove that Melvin had the requisite intent to commit lewd conduct. We agree with the State that the court should apply the common definitions of "took," "led," and "grabbed," and a review of Z.G.'s testimony indicates that the State's use of these terms was intended as a description of the events, and not a commentary on the evidence of whether Melvin intended to commit this act. Further, the State's closing argument on the intent element included at least ten factual grounds for the jury to consider and did not focus solely on the facts related to Melvin and Z.G. leaving the house together. Further, the State argues that Melvin had the opportunity to argue his theory of defense--that he was sleepwalking at the time of the incident--and that theory was rejected by the jury as evidenced by the guilty verdict.

We conclude that the State's closing argument did not amount to prosecutorial misconduct or a violation of Melvin's constitutional right to a fair trial. As such, Melvin has not

met the first prong of the *Perry* fundamental error analysis and this Court affirms the judgment of conviction in this case.

**B.      The District Court Did Not Abuse Its Discretion in Sentencing the Defendant**

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

**III.**

**CONCLUSION**

The State did not commit prosecutorial misconduct in the closing argument and Melvin has failed to meet his burden under the first prong of the *Perry* fundamental error analysis.  The district court did not abuse its discretion in sentencing Melvin as described above.  Therefore, Melvin's judgment of conviction and sentence are affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.