## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 43679

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 775** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: November 14, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ASHLEY RAE DAILY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of one year, for aggravated driving under the influence, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

---

PER CURIAM

Ashley Rae Daily pled guilty to aggravated driving under the influence (DUI), Idaho Code § 18-8006; possession of marijuana, I.C. § 37-2732(C)(3); and possession of drug paraphernalia, I.C. § 37-2734A(1). The district court imposed a unified seven-year sentence, with a minimum period of confinement of one year, for aggravated DUI and concurrent 180-day jail sentences for the misdemeanors. Daily appeals, contending that her aggravated DUI sentence is excessive.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Daily's judgment of conviction and sentence are affirmed.