# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44022

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 794 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 29, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRAD LEE WACASTER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction and suspended unified sentence of sixteen years, with a minimum period of confinement of six years, for aggravated assault, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Andersen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Pursuant to a binding I.C.R. 11 plea agreement, Brad Lee Wacaster pled guilty to aggravated assault. I.C. §§ 18-901(b) and 18-905(a). In exchange for his guilty plea, an additional charge was dismissed. According to the plea agreement, the district court would grant probation. However, the district court was left with the discretion as to the length of the sentence and length of probation. The district court sentenced Wacaster to a unified term of sixteen years, with a minimum period of confinement of six years. The district court suspended the sentence and placed Wacaster on probation for fifteen years. Wacaster appeals.

1

On appeal, Wacaster argues that the length of his probation is excessive. The State, however, asserts that Wacaster's appeal is barred by the doctrine of invited error. Assuming without deciding that Wacaster's appeal is not barred, we address the merits. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Wacaster's judgment of conviction and sentence are affirmed.