# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44298

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Unpublished Opinion No. 470 |
| | ) |
| Plaintiff-Respondent, | ) Filed: May 23, 2017 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| DAXX E. DIAZ, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Judgment of conviction and unified sentence of thirteen years, with a minimum period of confinement of five years, for driving under the influence of alcohol and drugs (two or more convictions within ten years), and being a persistent violator, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; MELANSON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Daxx E. Diaz was found guilty of felony driving under the influence of alcohol and drugs (two or more convictions within ten years), Idaho Code §§ 18-8004, 18-8005, and pleaded guilty to being a persistent violator, I.C. § 19-2514. At the sentencing hearing, the district court judge pronounced an aggregate sentence of thirteen years with five years determinate. The written

judgment of conviction indicates a unified thirteen year sentence, with three years determinate.[1] The district court imposed a unified thirteen-year sentence, with eight years determinate, but retained jurisdiction. Following Diaz's period of retained jurisdiction, the district court relinquished jurisdiction and sua sponte reduced Diaz's sentence to a unified thirteen-year sentence, with five years determinate.[2] Diaz appeals, contending that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Diaz's judgment of conviction and sentence are affirmed.

---

[1] The judgment of conviction includes a footnote which reads: "The matter in which the Court pronounced sentence on Count I and persistent violator enhancement was confusing. The written judgment is intended to resolve any ambiguity that resulted from the oral pronouncement."

[2] Although appellant augmented the record to include the transcript of the jurisdictional review hearing, the order relinquishing jurisdiction and executing sentence was not augmented into the record. A review of the Register of Actions reflects that Diaz received a unified sentence of thirteen years, with five years determinate.