**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44577**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 495** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 22, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **BENJAMIN ALARCON-SANGUINO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Judgment of conviction and sentence of a unified term of seven years with one and one-half years determinate, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; MELANSON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Benjamin Alarcon-Sanguino pled guilty to possession of a controlled substance with the intent to deliver. Idaho Code § 37-2732(a)(1)(A). The State agreed to recommend a sentence of "no more than" a unified seven years with three years determinate, and that Alarcon-Sanguino be placed on probation, or at worst, the district court would retain jurisdiction. At sentencing, both the State and counsel for Alarcon-Sanguino asked the district court to follow the terms of the plea agreement. The district court sentenced Alarcon-Sanguino to a unified term of seven years with one and one-half years determinate. Alarcon-Sanguino filed a timely notice of appeal and also a timely Idaho Criminal Rule 35 motion for reduction of sentence. The district court

1

granted the Rule 35 motion by placing Alarcon-Sanguino on probation.[1]   Alarcon-Sanguino asserts that the district court abused its discretion by imposing an excessive sentence.  The State argues that the abuse of discretion in sentencing is barred by the doctrine of invited error.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Alarcon-Sanguino's judgment of conviction and sentence are affirmed.

---

[1]   Alarcon-Sanguino does not appeal from the order granting his Rule 35 motion and challenges only the underlying sentence.