**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44866/44867**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 559** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 28, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **GORDON GRAVES,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of three years, for first degree stalking, affirmed; judgement of conviction and concurrent unified sentences of ten years with a minimum period of confinement of four years for possession of stolen property and burglary, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

These cases have been consolidated on appeal. In docket number 44866, Gordon P. Graves pled guilty to stalking in the first degree, Idaho Code §§ 18-7905(1)(a) and/or (b), 18-7906. In docket number 44867, Graves pled guilty to three counts of grand theft by possession of stolen property, and one count of burglary, I.C. §§ 18-2403(4), 18-2407(1), 18-1401-03. The district court imposed a unified sentence of five years with three years determinate for the stalking charge; and concurrent, unified sentences of ten years with four years determinate for

1

the grand theft and burglary charges. Graves appeals asserting that the district court abused its discretion by imposing excessive sentences.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Grave's judgments of conviction and sentences are affirmed.