**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45479**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 25, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STEPHEN V. CROUSE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Oneida County. Hon. Stephen S. Dunn, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of eight years, for aggravated assault on certain law enforcement personnel, six months for domestic battery, and one year each for resisting and obstructing and interfering with a 911 call, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge
_____

PER CURIAM

Stephen V. Crouse pleaded guilty to felony aggravated assault on certain law enforcement personnel, Idaho Code §§ 18-915(1), 18-905, and 18-906, misdemeanor domestic battery, I.C. §§ 18-918(3) and 18-903(a), misdemeanor interfering with a 911 call, I.C. § 18-1501(2), and misdemeanor resisting and/or obstructing an officer, I.C. § 18-705. The district court imposed a unified ten-year sentence, with eight years determinate, for the aggravated battery conviction to run consecutively to an unrelated sentence. The district court imposed six months on the domestic battery and one year each for the resisting and obstructing and

1

interfering with a 911 call convictions.  The sentences were ordered to run concurrently with the aggravated assault sentence.  Crouse appeals, contending that his sentence is excessive.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Crouse's judgment of conviction and sentence are affirmed.