# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45851

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

JAMES LEE CRANDALL, II,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Filed: November 8, 2018

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Ronald J. Wilper, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of four years, for attempted strangulation, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

---

PER CURIAM

    James Lee Crandall, II, entered an *Alford*[1] plea to attempted strangulation. I.C. §§ 18-923 and 18-112A. The district court sentenced Crandall to a unified term of ten years, with a minimum period of confinement of four years. Crandall appeals, arguing that his sentence is excessive.

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Crandall's judgment of conviction and sentence are affirmed.