**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43524**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 523** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 5, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **GARY WAYNE CARTER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Judgment of conviction and consecutive unified sentences of five years, with a minimum period of confinement of four years for possession of a controlled substance with intent to deliver; five years indeterminate for felony intimidating a witness; and five years indeterminate for unlawful possession of a firearm, affirmed.

Sara B. Thomas, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

     Gary Wayne Carter pled guilty to possession of a controlled substance with the intent to deliver, Idaho Code § 37-2732(a); intimidating, impeding, influencing, or preventing the attendance of a witness, I.C. § 18-2604; and unlawful possession of a firearm, I.C. § 18-3316. The district court sentenced Carter to unified sentences of five years with four years determinate for possession of a controlled substance with intent to deliver and consecutive five year

1

indeterminate sentences for felony intimidating a witness and unlawful possession of a firearm. Carter appeals asserting the district court abused its discretion by imposing excessive sentences.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Carter's judgment of conviction and sentences are affirmed.