**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 43413/43414**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 536** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 18, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SHANE ROBERT LASATER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler; Hon. Richard D. Greenwood, District Judges.

Judgment of conviction and unified sentence of eight years, with a two-year determinate term, for forgery, affirmed; judgment of conviction and unified sentence of five years, with a two-year determinate term, for possession of a controlled substance, affirmed.

Sara B. Thomas, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In Docket No. 43413, Shane Robert Lasater pled guilty to forgery, Idaho Code § 18-3601. The district court imposed a unified sentence of ten years, with a two and one-half-year determinate term, and retained jurisdiction. At a review hearing, the district court relinquished jurisdiction and sua sponte reduced Lasater's sentence to a unified term of eight years with two years determinate. In Docket No. 43414, Lasater pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c). The district court imposed a unified sentence of five years,

1

with a two-year determinate term, and retained jurisdiction. At a review hearing, the district court relinquished jurisdiction at Lasater's request. Lasater appeals, contending that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Lasater's judgments of conviction and sentences are affirmed.