**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 45690 & 45691**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 11, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| WYATT TRIPP, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of four years, for felony fleeing or attempting to elude a peace officer and consecutive unified sentence of fourteen years, with a minimum period of confinement of three years, for grand theft, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

In these consolidated appeals, Wyatt Tripp pled guilty to felony fleeing or attempting to elude a peace officer, I.C. § 49-1404(2)(a), (b), (c) and/or (d); and grand theft, I.C. §§ 18-2403(1) and 18-2407(1)(b)(4). In exchange for his guilty pleas, additional charges were dismissed including an allegation that he is a persistent violator. The district court sentenced Tripp to a unified term of five years, with a minimum period of confinement of four years, for felony fleeing or attempting to elude a peace officer and a consecutive unified term of fourteen years,

1

with a minimum period of confinement of three years, for grand theft. Tripp filed I.C.R. 35 motions for reduction of his sentences, which the district court denied. Tripp appeals, arguing that the district court erred in ordering that his sentences be served consecutively and that his sentence for grand theft is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Tripp's judgments of conviction and sentences are affirmed.