**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45786**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 2, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| GERALD HERNANDEZ PEREZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Thomas J. Ryan, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for felony driving under the influence of alcohol, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kim A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Gerald Hernandez Perez pleaded guilty to felony driving a vehicle while under the influence of alcohol (DUI) Idaho Code §§ 18-8004, 18-8005(9). Perez entered into a plea agreement with the State wherein he waived his right to:

(1) file a Rule 35 Motion regarding the initial Judgment (except as to an illegal sentence) and (2) appeal <u>any</u> issues in this case, including all matters involving the plea or the sentence and any rulings made by the court, including all suppression issues. However, the defendant may appeal the sentence if the Court exceeds the recommendation made by the State at sentencing regarding: (1) the determinate portion of the sentence, and/or (2) a probation recommendation, and/or (3) a retained jurisdiction recommendation.

1

The district court imposed a unified ten-year sentence, with three years determinate, and ordered the sentence to run consecutively with a separate DUI case. Perez timely appeals. Perez does not claim the determinate portion of his sentence is excessive. Perez contends that his sentence is excessive because the court ordered his sentence to run consecutively to the other case.

Because the plea agreement does not address whether Perez waived his right to appeal a sentence ordered by the district court to run consecutively, this Court will address Perez's claim on the merits. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Perez's judgment of conviction and sentence are affirmed.