**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45737**

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　　Plaintiff-Respondent,<br><br>v.<br><br>NATHAN RAY TORRES,<br><br>　　　　Defendant-Appellant. | )<br>)　Filed:  November 8, 2018<br>)<br>)　Karel A. Lehrman, Clerk<br>)<br>)　**THIS IS AN UNPUBLISHED**<br>)　**OPINION AND SHALL NOT**<br>)　**BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Ned C. Williamson, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of three years, for battery on a police/peace officer or sheriff, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

　　Nathan Ray Torres pled guilty to battery on a police/peace officer or sheriff.  I.C. § 19-2513.  The district court sentenced Torres to a unified term of five years, with a minimum period of confinement of three years.  Torres appeals, arguing that his sentence is excessive.

　　Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-

15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Torres's judgment of conviction and sentence are affirmed.