## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 45907

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 11, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| PENNIE GAY DAVIES, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Alan C. Stephens, District Judge.

Judgment of conviction and concurrent sentences of a determinate term of four years for prescription fraud and a unified term of seven years, with a minimum period of confinement of four years, for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Pennie Gay Davies pled guilty to one count of prescription fraud, I.C. § 37-2734(a)(3), and one count of possession of a controlled substance, I.C. § 37-2732A(1)(a). Davies also admitted to sentencing enhancements (I.C. § 37-2739) on each count due to her prior controlled substance convictions. In exchange for her guilty pleas, additional charges were dismissed. The district court sentenced Davies to a determinate term of four years for prescription fraud and a unified term of seven years, with a minimum period of confinement of four years, for possession

1

of a controlled substance. The district court ordered that Davies' sentences be served concurrently with each other, but consecutively to any unrelated sentences Davies was serving. Davies filed an I.C.R. 35 motion, which the district court denied. Davies appeals, arguing that her sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Davies's judgment of conviction and sentences are affirmed.