**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45985**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 18, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| COLTON HUNTER MARLEY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Nancy Baskin, District Judge.

Judgment and sentence and order of probation, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

Colton Hunter Marley entered an *Alford*[1] plea to felony driving under the influence of alcohol. I.C. § 18-8004(1)(a). The district court sentenced Marley to a unified ten-year sentence, with three years determinate, and after a period of retained jurisdiction, suspended the sentence and placed Marley on probation for ten years. Marley appeals, contending that the district court abused its discretion by imposing an excessive sentence and by placing Marley on probation for a period of ten years.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in imposing the original sentence or by placing Marley on probation for a term of ten years. Therefore, the original sentence and the order placing Marley on probation are affirmed.