# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45717

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 26, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DAKOTA DEAN TURNER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment of conviction and determinate term of three years for trafficking in two or more grams of heroin, enhanced with a consecutive determinate term of eight years, for being within 1000 feet of a school; concurrent unified terms of thirty years, with minimum periods of confinement of thirteen years, for three counts of trafficking in two or more grams of heroin; concurrent unified term of thirty years, with minimum period of confinement of thirteen years, for trafficking in seven or more grams of heroin; and concurrent determinate term of one year for destruction, alteration, and/or concealment of evidence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Dakota Dean Turner was found guilty of trafficking in two or more grams of heroin, I.C. § 37-2732B(a)(6)(A), enhanced for being within 1000 feet of a school, I.C. § 37-2739B(b)(2); three counts of trafficking in two or more grams of heroin, I.C. § 37-

1

2732B(a)(6)(A); trafficking in seven or more grams of heroin, I.C. § 37-2732B(a)(6)(B); and destruction, alteration, and/or concealment of evidence, I.C. § 18-2603. The district court sentenced Turner to a determinate term of three years for trafficking in two or more grams of heroin, enhanced with a consecutive determinate term of eight years, for being within 1000 feet of a school; concurrent unified terms of thirty years, with minimum periods of confinement of thirteen years, for three counts of trafficking in two or more grams of heroin; a unified term of thirty years, with minimum period of confinement of thirteen years, for trafficking in seven or more grams of heroin; and a determinate term of one year for destruction, alteration, and/or concealment of evidence. The district court ordered that Turner's sentences be served concurrently for an aggregate unified term of thirty years, with a minimum period of confinement of thirteen years. Turner appeals, arguing that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Turner's judgment of conviction and sentences are affirmed.