# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46429

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

BRYON LEE MOORE,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: May 17, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Judgment of conviction and sentences of a determinate term of ten years for willfully possessing or accessing sexually exploitative material of a child; concurrent unified term of twenty years, with a minimum period of confinement of ten years, for knowingly distributing sexually exploitative material of a child; and concurrent unified term of thirty-five years, with a minimum period of confinement of ten years, for lewd conduct with a child under sixteen, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

Bryon Lee Moore pled guilty to willfully possessing or accessing sexually exploitative material of a child, I.C. § 18-1507(2)(a); knowingly distributing sexually exploitative material of a child, I.C. § 18-1507(2)(d); and lewd conduct with a child under sixteen, I.C. § 18-1508. In exchange for his guilty pleas, additional charges were dismissed. The district court sentenced

1

Moore to a determinate term of ten years for willfully possessing or accessing sexually exploitative material of a child; a concurrent unified term of thirty years, with a minimum period of confinement of ten years, for knowingly distributing sexually exploitative material of a child; and a concurrent unified term of thirty-five years, with a minimum period of confinement of ten years, for lewd conduct with a child under sixteen. Moore appeals, arguing that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Moore's judgment of conviction and sentences are affirmed.