**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46519**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 31, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JAMIE LYNN CABRAL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of two years, for possession of a controlled substance with the intent to deliver, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jamie Lynn Cabral appeals from her judgment of conviction and unified sentence of ten years, with a minimum period of confinement of two years, for possession of a controlled substance with the intent to deliver. Cabral argues that the district court erred in denying her application for admission into drug court and that her sentence is excessive. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer stopped Cabral inside a retail establishment after receiving a tip that she was waiting in the store with a substantial amount of methamphetamine. Cabral admitted she had

1

methamphetamine in her backpack. The officer arrested Cabral and transported her to a police station in Jerome. There, officers searched Cabral's backpack and discovered more than eleven ounces of a white, crystalline substance that tested presumptively positive for methamphetamine. During an interview with officers, Cabral admitted that she received the methamphetamine from a source in Boise. Cabral also denied having any other contraband on her person. After the interview, Cabral was transported to the county jail. A subsequent search of her person revealed a small baggie of a white, crystalline substance that tested presumptively positive for methamphetamine.

The State charged Cabral with trafficking in methamphetamine, possession of a controlled substance, a persistent violator enhancement, and another enhancement for a second or subsequent offense under the Uniform Controlled Substance Act. Pursuant to a plea agreement, Cabral pled guilty to an amended charge of possession of a controlled substance with the intent to deliver. I.C. § 37-2732(a). In exchange, the State agreed to dismiss the other charges and recommend a specific sentence. Cabral's sentencing was continued to allow her to apply for admission into a drug court program. Due to the nature of her underlying charges, the district court denied Cabral's application for drug court. Subsequently, the district court sentenced Cabral to a unified term of ten years, with a minimum period of confinement of two years. Cabral appeals.

## II.

## STANDARD OF REVIEW

The decision to admit a defendant into a drug court program and sentencing decisions are both discretionary. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Cabral raises two issues on appeal. First, she argues that the district court erred in denying her application for admission into drug court. Second, Cabral argues that the district court imposed

an excessive sentence. The State responds that the district court properly concluded Cabral was not a suitable candidate for drug court due to the nature of her criminal charge and that the district court properly exercised its sentencing discretion. We hold that Cabral has failed to establish an abuse of discretion in denying her drug court application or in imposing sentence.

## A.      Drug Court Application

Idaho's district courts have statutory authorization to create diversionary drug court programs. I.C. § 19-5603. The legislature has imposed certain eligibility requirements to obtain admission into a drug court. I.C. § 19-5604(2). Additionally, the Idaho Drug Court and Mental Health Court Coordinating Committee is authorized to develop further eligibility guidelines. I.C. § 19-5606. However, satisfying a drug court's eligibility requirements does not guarantee admission because no person has a right to be admitted into drug court. I.C. § 19-5604(1). The decision to admit a defendant into a drug court program falls within the court's sound discretion. *See id.*

The court denied Cabral's application for admission because of the factual basis of her criminal charge. Cabral was caught with a substantial amount of methamphetamine that she had arranged to obtain for another person. The court concluded that Cabral's recent drug trafficking activities made her unsuitable for drug court and denied her application. Cabral argues the denial of her application was error because she satisfied all the eligibility criteria for admission. We disagree. Although Cabral had to meet certain criteria to be eligible for admission to drug court, satisfying those criteria did not entitle her to admission into the program. The court could consider additional factors when evaluating her application. Consideration of additional factors is consistent with the drug court's goal of reducing drug abuse and dependence among criminal and juvenile offenders. I.C. § 19-5602. Admitting Cabral into the drug court program would have brought her into close contact with other individuals with substance abuse issues. Placing such individuals into close contact with Cabral--who was willing and able to obtain a substantial amount of methamphetamine for another--could increase their risk of relapse. Given the mission of drug courts, factoring the nature of Cabral's criminal charge into an evaluation of her application for admission was appropriate. Consequently, Cabral has failed to show that the court abused its discretion in denying her application for admission into drug court.

**B.** **Sentencing**

Cabral argues that her unified ten-year sentence, with two years fixed, for possession of a controlled substance with intent to deliver is excessive. More specifically, Cabral argues that the district court failed to adequately consider mitigating factors, including her remorse and acceptance of responsibility. The State responds that the district court imposed a reasonable and appropriate sentence. We hold that Cabral has failed to establish that her sentence constitutes an abuse of discretion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014- 15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 2 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that Cabral's sentence constitutes an abuse of discretion.

## IV.

## CONCLUSION

Cabral's satisfaction of the drug court program's eligibility requirements did not entitle her to admission into the program. Thus, Cabral has failed to show that the district court abused its discretion in denying her drug court application. Additionally, she has failed to show that the district court abused its sentencing discretion. Consequently, Cabral's judgment of conviction and sentence are affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.